UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY ROBINSON,                  :
                                    :
          Plaintiff,                :      NO. 1:09-CV-00005
                                    :
     v.                             :
                                    :      **OPINION AND ORDER**
CITY OF MIDDLETOWN, et al.,         :
                                    :
          Defendants.               :


This matter is before the Court on Defendants' Motion for Summary Judgment (doc. 18), Plaintiff's Response in Opposition(doc. 28), and Defendants' Reply (doc. 31). For the reasons indicated herein, the Court denies Defendants' motion.

**I.   Background**

Plaintiff Kimberly Robinson began working for Defendant Middletown, Ohio Police Department in May 1988, starting out as a police officer, later working in vice, as a dispatcher, and for seven and a half years as property room manager (doc. 28). Plaintiff contends that although she passed the civil service exam to qualify for promotion to sergeant, and although in twenty years of service she had no disciplinary history, Defendants repeatedly, five times, passed her up for promotion in favor of younger male or male candidates (Id.).[1] Plaintiff argues that in September 2007,

---

[1] The civil service exam Plaintiff took is composed of a written exam, an assessment process as well as additional credit given for seniority and military service (doc. 18). Plaintiff was the only female to pass the test and placed fourth on an

after she complained to Interim Chief Hoffman that she was not getting promoted, Hoffman told her she was not going to get promoted due to her lack of patrol experience (<u>Id</u>.).  When Plaintiff told Hoffman she would move to patrol to gain such experience, she contends Hoffman told her to go home and discuss it with her husband (<u>Id</u>.).

In February 2008, Plaintiff contends that the new Chief of Police, Greg Schwarber, issued her a written reprimand for failing to write reports correctly (<u>Id</u>.).  In Plaintiff's view, reports are written improperly all the time by officers and they are simply corrected without disciplinary action (<u>Id</u>.).  In March 2008 a fourth promotion became available, but Schwarber did not award it to Plaintiff, telling her she did not get the promotion due to her written reprimand (<u>Id</u>.).

In Spring 2008, Plaintiff hired an attorney to review her case for possible age/gender discrimination and retaliation (<u>Id</u>.).  Plaintiff's counsel notified Defendants of her investigation on

---

eligibility list of nine candidates to be promoted Sergeant (<u>Id</u>.).  Defendants use the "rule of three" to determine which candidates will receive a promotion. This consists of the evaluator choosing from the top three candidates on the list; once the choice is made, the next eligible person moves up to fill the third spot(<u>Id</u>.).  The evaluator takes into consideration the scores of the candidates as well as the ability of each candidate to perform the duties of sergeant (<u>Id</u>.).  Plaintiff moved up into the eligible three after an initial promotion, but then was never promoted, even when those who scored below her eventually moved up to join her among the eligible and were promoted instead (<u>Id</u>.).

April 9, 2008 (<u>Id</u>.).  Two days later, Defendants notified Plaintiff they were reviewing her management of the property room (<u>Id</u>.).

On May 4, 2008, Defendants promoted John Newlin, a warrant officer, who had received a written reprimand from Chief Schwarber only a few weeks prior to his promotion (<u>Id</u>.).  Within two weeks of this fifth promotion, Defendants suspended Plaintiff for one day, for alleged violations of police policy related to her management of the property rooom (<u>Id</u>.).  Plaintiff grieved such decision, her union arbitrated for her, and the arbitrator ultimately overturned the discipline stating, "the City has not met its burden of proving just cause for the disciplinary suspension at issue here" (<u>Id</u>.).[2]

Plaintiff filed this matter in January 2009, alleging age and gender discrimination, as well as retaliation (<u>Id</u>.).  On March

---

[2]The arbitrator's decision shows that when Plaintiff took over the management of the property room in 2000 she essentially inherited a mess, that she received good evaluations in 2001 and 2002 and was not evaluated again until July 2007.  In 2004, the property room passed review by the Commission on Accreditation for Law Enforcement Agencies, Inc. ("CALEA"), which stated that Plaintiff demonstrated her proficiency, in spite of a small property room.  Finally, the arbitrator found it suspect that Plaintiff received no progressive or corrective discipline in a timely manner.  Defendants imposed discipline on Plaintiff seven months <u>after</u> she left the property room to return to patrol officer duty.  "The City has not explained how disciplining the Grievant for poor job performance as a Property Officer when she was no longer performing that job served to correct or improve her performance as a Patrol Officer. . .the challenged suspension was neither corrective nor progressive."  Decision, Arbitrator Stephen L. Hayford, January 14, 2009, attached to Plaintiff's Response (doc. 28), as Exhibit 4.

16, 2009, Defendant disciplined Plaintiff again, for discrepancy in an arrest report and "disjointed and difficult to understand reports" (Id.).  Plaintiff amended her Complaint to add civil rights violations by the Defendant City and Chief Gregory Schwarber (Id.).

Defendants filed their motion for summary judgment in February 2010, contending Plaintiff's age and gender discrimination claims must fail as a matter of law.  Specifically, Defendants contend that four out of five of the promotions were given to candidates who were not substantially younger than Plaintiff (she was 44, while they were 39, 40, 42, and 45, the fifth was 35); Plaintiff's job performance in the property room was questionable; and those chosen for promotion were simply more qualified (doc. 18).  Defendants further contend Plaintiff cannot show they retaliated against her for obtaining counsel, because retention of counsel in and of itself is not protected activity, and in any event, the four promotions taking place before she hired counsel cannot serve as a basis for a retailiation claim since they preceded her activity (Id.).  Defendants contend they are entitled to summary judgment as to the fifth and final promotion because they made a reasonably informed and considered decision as to such promotion (Id.).  As for Plaintiff's Section 1983 claims, Defendants argue Plaintiff was not deprived of either her free speech or right to equal protection as she was not speaking out on

4

a matter of public concern, and she cannot establish a disparate treatment claim (<u>Id</u>.).  Finally, Defendants contend Plaintiff failed to put Defendant Schwarber on adequate notice that he was being sued in his individual capacity, and that Plaintiff has no legal basis to seek punitive damages (<u>Id</u>.).

Plaintiff responded that there are genuine issues of material facts as to each of her claims, and that she has effectively sued Defendant Schwarber in his individual capacity such that summary judgment should be denied (doc. 28).  Defendants have replied (doc. 31), such that this matter is ripe for the Court's consideration.

## II.  Analysis

### A.  Summary Judgment Standard

The narrow question that this Court must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

5

The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. Id. at 321; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Guarino, 980 F.2d at 405.

As the Supreme Court stated in Celotex, the non-moving party must "designate" specific facts showing there is a genuine issue for trial. Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, "'the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.'" Guarino, 980 F.2d at 405 (quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990)).

Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). Furthermore, the fact that the

non-moving party fails to respond does not lessen the burden on the moving party or the court to demonstrate that summary judgment is appropriate. Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

**B. Discussion**

The Court finds that a reasonable jury could find Plaintiff has proffered adequate evidence in support of her claims for age and gender discrimination, retaliation, and for her Section 1983 claims, including those against Defendant Schwarber in his individual capacity. The Court will review each set of claims seriatum:

**1. Plaintiff's age discrimination claims**

Plaintiff asserts age discrimination claims under both Ohio and federal law. The same evidentiary framework applies to discrimination claims brought under the ADEA, and discrimination claims brought under Ohio state law. Allen v. Ethicon, Inc., 919 F. Supp. 1093, 1098 (S.D. Ohio 1996). Discrimination on the basis of age is contrary to both Ohio and federal law. U.S.C. § 621 et seq., O.R.C. § 4112.02(A). Under these provisions, Plaintiff may assert a prima facie case through the presentation of either direct or indirect evidence. Allen, 919 F. Supp. 1093, 1098 (S.D. Ohio 1996). In many cases, evidence of direct discrimination can be difficult to produce, so the law allows for a plaintiff to raise an inference of discrimination through circumstantial evidence.

7

McDonnell Douglas v. Green, 411 U.S. 792 (1973). In the case at hand, Plaintiff does not proffer direct evidence of age discrimination. Thus, the Court will focus upon circumstantial evidence in evaluating Plaintiff's prima facie case.

In order to prevail on a circumstantial evidence theory here, Plaintiff must establish a prima facie case of age discrimination by proving that (1) she was over forty, (2) she was qualified, (3) she suffered an adverse employment action, and (4) she was treated differently than a similarly-situated younger employee. McDonnell Douglas, 411 U.S. 792. The prima facie case "raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." Furnco Construction Corp. v. Waters, 438 U.S. 567, 577 (1978). Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee. Texas Dep't. Of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981).

After Plaintiff establishes a prima facie case, the burden shifts to Defendant, to rebut the presumption of discrimination by producing evidence that someone else was preferred, for a legitimate, nondiscriminatory reason. Texas Dep't. Of Community Affairs, 450 U.S. at 254. Defendant need not persuade the court that it was actually motivated by the proffered

8

reasons.  Id. citing Board of Trustees of Keene State College v. Sweeney, 439 U.S. 24, 25 (1978).

It is sufficient if Defendant's evidence raises a genuine issue of fact as to whether it discriminated against the Plaintiff. Texas Dep't. Of Community Affairs, 450 U.S. at 254.  To accomplish this, Defendant must clearly set forth, through the introduction of admissible evidence, the reasons for Plaintiff's rejection.  Id. at 255.  The explanation provided must be legally sufficient to justify a judgment for the Defendant.  Id.  If Defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity.  Id.  Placing this burden of production on the Defendant thus serves simultaneously to meet Plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that Plaintiff will have a full and fair opportunity to demonstrate pretext.  Id. at 255-56.  Plaintiff can do so if she can show that the proffered reasons had no basis in fact, 2) the proffered reasons did not actually motivate the adverse action, or 3) they were insufficient to motivate the adverse action.  Manzer v. Diamond Shamrock Chemicals, Co., 29 F.3d 1078, 1084 (6th Cir. 1994).

Defendants do not dispute that Plaintiff can establish she was at least forty years old at the time of the alleged discrimination, and that her lack of promotion can constitute an

9

adverse employment action. However, Defendants contend Plaintiff can establish neither that after she was rejected, a substantially younger applicant was selected, nor that she was qualified for the promotion (doc. 31, citing Burzynski v. Cohen, 264 F.3d 611, 622 (6th Cir. 2001)). Relying on Grosjean v. First Energy Corp., 349 F.3d 332, 340 (6th Cir. 2003), Defendants contend that in the absence of direct evidence that the employer considered age to be significant, an age difference of less than six years is not significant (Id.). Because four out of five of chosen applicants were within six years of Plaintiff's age, Defendants contend Plaintiff cannot establish a prima facie case as to such applicants (Id.).

Plaintiff responds that although she placed fourth on a civil service exam, she was denied a promotion in favor of two younger males with disciplinary histories (doc. 28). Although Defendants claim their legitimate non-discriminatory reason for failing to promote Plaintiff is based on her lack of experience on the streets and questionable performance in the property room, Plaintiff contends Defendants promoted John Newlin, a 35-year old with recent disciplinary history who served as a warrant officer and not a patrol officer (Id.). Moreover, Plaintiff argues Defendants should not even have considered her property room performance because the arbitrator ultimately overturned such discipline as unsupported (Id.).

10

In their Reply Defendants reiterate their reliance upon Grosjean for the proposition that four out of five that they chose over Plaintiff were not significantly younger, and that Plaintiff's problems with the property room and mistakes in writing reports show that she was unqualified for the position (doc. 18). Defendants contend their choice of Newlin was justified based on Newlin's degree in criminal justice, his display of excellent leadership abilities, and his ability to think outside of the box (Id.).

Having reviewed this matter, the Court finds Plaintiff has at the very least established a prima facie age discrimination case as to Defendants' choice to promote 35-year old John Newlin rather than Plaintiff.  Contrary to Defendants' arguments, a reasonable jury could certainly find Plaintiff qualified based on her twenty-year history without discipline, and her high score on the civil service exam.  Under these facts, a reasonable jury could find Plaintiff was objectively qualified for her position. Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 574-576 (6th Cir. 2003).

The Court further concludes that though Defendants catalogue a long list of problems with the management of the property room under Plaintiff, such proffered reason could be found to have no basis in fact because Plaintiff was responsible for the property room for seven years and no one complained of problems

11

with the room until after Plaintiff started asserting she was being denied promotion.  Moreover, the arbitrator overturned the discipline related to such alleged problems finding it untimely and unsupported.  Plaintiff offers proof that other officers commonly had problems with report writing, having uncovered nearly 400 incorrect draft reports during discovery.  A jury could find this proffered reason insufficient to motivate Defendants' promotion of other candidates over Plaintiff.  Finally, Newlin's lack of experience as a patrol officer could be viewed to show Defendants' proffered reason as to Plaintiff, that she similarly lacked such experience and could not be promoted, had no basis in fact.

Although the Court need not go further in demonstrating that Plaintiff has a valid age discrimination claim, it finds it appropriate to address Defendants' view of Grosjean.  The Grosjean court, when comparing a 54-year-old Plaintiff to a 51-year old replacement, concluded that the age difference between the two was not significant enough to support an inference of illegal age discrimination.  349 F.3d 336.  The court provided an extensive review of precedent around the country, concluding that "in the absence of direct evidence that the employer considered age to be significant, an age difference of six years or less between an employee and a replacement is not significant." Id. at 340.  This Court is not convinced that Grosjean's holding applies where a 44-year old Plaintiff is repeatedly passed over for promotion in favor

of younger employees, especially when taken together the average age of such younger employees is under 40.  Grosjean applied to the simple choice between two employees, and not to cumulative choices that could be based on age-related animus.  As the Court sees it, under Defendants' interpretation, cumulative discrimination could improperly evade review.

### 2.  Plaintiff's gender discrimination claims

The burden shifting approach applicable to Plaintiff's gender discramination claims tracks the above approach applicable to her age discrimation claims.  She must show 1) she is female, 2) she is qualified, 3) she suffered an adverse employment action, and 4) a similarly-situated non-protected employee received more favorable treatment.  Kline v. Tennessee Valley Authority, 128 F.3d 337, 349 (6th Cir. 1997).  In response, Defendant must proffer legitimate non-discriminatory reasons for its actions, which Plaintiff can challenge as pretext.

Defendants challenge Plaintiff's gender discrimination claims on the same basis that in their view she was not qualified for the promotion.  As the Court has already concluded that reasonable jury could find to the contrary, and has already found that Defendants' proferred reasons could be found to have no basis in fact, its analysis of Plaintiff's gender discrimination claims is greatly simplified.  In fact, the Court finds Plaintiffs' gender claims on yet stronger footing than her age discrimination

13

claims.  She proffers evidence that Defendants passed her over in favor of five male candidates: some of whom performed less well than she on the civil service exam and some of whom had disciplinary problems.  As such, a reasonable jury could find evidence to support Plaintiff's claims for gender discrimination.[3]

### 3.  Plaintiff's claim for retaliation

Plaintiff alleges that Defendants retaliated against her in violation of Title VII and Ohio Revised Code § 4112.  In order to establish violation of such sections, Plaintiff must establish that 1) she engaged in protected activity, 2) this exercise of protected rights was known to Defendants, 3) the Defendants thereafter took adverse employment action against Plaintiff, and 4) there was a causal connection between the protected activity and the adverse employment action.  Morris v. Oldham County Fiscal Court, 201 F.3d 784, 792 (6th Cir. 2000).

Plaintiff argues she has met a prima facie case of retaliation because she complained to Interim Chief Hoffman that she was not being promoted, and almost simultaneously an

---

[3]Although the Court finds in Plaintiff's favor, the Court notes that in her arguments regarding her gender discrimination claims, Plaintiff's counsel not only presents hearsay statements, but appears to mischaracterize another case in which a female officer was fired for abusing a non-resisting prisoner with a taser.  Counsel further mischaracterizes the nature of a relationship between Interim Chief Hoffman and the ex-wife of a candidate that Hoffman promoted.  Although the Court appreciates Counsel's zeal on behalf of her client, such tactics are not arguments nor are they persuasive.  The Court advises Counsel to stick with the facts.

investigation of her work in the property room began (doc. 28). Although Plaintiff concedes she did not explicitly articulate she was complaining because of race and gender, she contends she made it clear that she could not understand why males with disciplinary histories were being promoted (Id.).

Later Plaintiff hired an attorney, who contacted Defendants to inform them she was investigating age discrimination and retaliation (Id.). Immediately thereafter Defendants gave Plaintiff a one-day suspension related to her property room management (Id.).

Defendants argue that Plaintiff's retention of counsel in and of itself is not protected activity (doc. 18). Defendants further argue they were not on notice of Plaintiff's retention of counsel at the time of the first four promotions, and only the fifth and final promotion of Newlin, which happened after Defendants were on notice, can be considered by the Court when determining whether Defendants retaliated against Plaintiff for hiring counsel (Id.). Finally, Defendants reiterate they had a reasonable basis to hire the fifth candidate, Newlin, over Plaintiff, based on his qualifications (Id.).

The Equal Employment Opportunity Commission Compliance Manual provides guidance as to what consitutes protected opposition to discriminatory practices. According to such manual, "[a] complaint or protest about alleged employment discrimination to .

15

. .[an] attorney" is protected.  "Furthermore, a complaint. . .by an employee's representative, rather than by the employee herself, constitutes protected opposition." EEOC Compliance Manual, Section 8-II.B.2 (May 20, 1998), <u>available</u> <u>at</u> http://www.eeoc.gov/policy/docs/retal.html.  Defendants' technical argument that retention of an attorney does not constitute protected activity only muddies the water here.  Plaintiff clearly did more.  Plaintiff hired an attorney who advised Defendants by letter that she believed her client had a strong case for age and gender discrimination based on Defendants' failure to promote Plaintiff to sergeant.  There is no question that such activity is protected from retaliation under the law.  After Defendants were on notice of Plaintiff's claims, they put her on a one-day suspension that was ultimately overruled.  Defendants further hired yet another male candidate after they were on notice.  Finally, Defendants issued Plaintiff a second written reprimand after she filed her lawsuit.  The Court finds no question that Plaintiff has brought a viable complaint of retaliation.

Moreover, the Court finds the facts here, where Plaintiff was repeatedly passed over for male candidates, and expressed her complaint for lack of promotion to both Hoffman and Schwarber, could also support a finding of protected activity.  As the burden of proof for retaliation presents a "low hurdle" to Plaintiff, <u>Gribcheck v. Runyon</u>, 245 F.3d 547, 551 (6th Cir. 2001), the Court

finds it appropriate to allow a jury to ascertain the testimony of Hoffman and Schwarber to determine how they interpreted Plaintiff's complaints and whether their actions in repeatedly refusing to promote her and in investigating her property room management constitute retaliation.

### 4.  Plaintiff's Section 1983 claims

Section 1983 essentially makes relief available to those whose constitutional rights are violated by an actor acting under state or federal authority.  42 U.S.C. § 1983.  Plaintiff claims here that Defendants violated her First Amendment rights when they took adverse actions against her for speaking out on a matter of public concern, age and gender discrimination (doc. 28, <u>citing</u> <u>Connick v. Myers</u>, 461 U.S. 138, 140 (1983)).  Plaintiff further claims her rights to equal protection were violated for the same reasons that support her Title VII age and gender claims (<u>Id</u>. <u>citing</u> <u>Perry v. McGinnis</u>, 209 F.3d 597, 601 (6th Cir. 2000)).

Defendants contend Plaintiff's complaints are merely personal complaints about not being promoted and do not constitute a matter of public concern.  Defendants further argue that their interest in promoting the best candidate and in properly disciplining poor performance outweighs any interest of Plaintiff. Defendants argue Plaintiff cannot show a link between her speech and not being chosen for a promotion.  Finally, Defendants argue for the same reasons they opposed Plaintiff's age and gender

17

discrimination claims, that her Section 1983 equal protection claims should fail.

The Court finds no question that potential systematic age or gender discrimination by a municipal police department is a matter of public concern. The Court further finds Plaintiff has proffered sufficient evidence in this matter to throw into question whether the Defendants' failure to promote Plaintiff, and their discipline of Plaintiff, were in good faith. As the arbitrator noted in his decision overturning Plaintiff's discipline for managing the property room, Defendants disciplined Plaintiff some seven months after she was no longer even serving in such capacity, but was working as a patrol officer. A jury could see such tardy and unsupported discipline, meted out only shortly after Plaintiff informed Defendants about her age and gender discrimination complaints, as highly suspect. Under these circumstances, the Court finds it appropriate to allow a jury to evaluate Plaintiff's Section 1983 claims.

### 5. Plaintiff's claims against Defendant Schwarber in his individual capacity

Defendants contend that Plaintiff's Complaint only puts Defendant Schwarber on notice that he is being sued in his official capacity, which of course means Plaintiff's claims are only against the City of Middletown (doc. 18). Defendants then proceed through the applicable "course of proceedings" test to determine whether Defendant Schwarber had actual knowledge of potential for

18

individual liability (Id., citing Moore v. City of Harriman, 272 F.3d 769, 772 n.1 (6th Cir. 2001)). Plaintiff responds that Schwarber was well aware of his potential for individual liability, and her counsel offers an affidavit indicating emails went back and forth between counsel for the City of Middletown and for the Middletown Police Department regarding proper service of Mr. Schwarber (doc. 28). Plaintiff's counsel indicates the home addresses of police officers are not available to the public, so she listed his address as his work address (Id.). Finally, Plaintiff's counsel indicates she was told not to serve the attorney for the City of Middletown and the Middletown Police Department, because defense counsel was unsure whether she would be representing Mr. Schwarber or whether he would have different counsel (Id.). Under these circumstances the Court finds no genuine question that Chief Schwarber had actual knowledge of potential for individual liability consistent with Moore. 272 F.3d 772.

The Court notes that Defendants also raised in their motion the argument that Plaintiff's Section 1983 claims fail to show the existence of a policy, custom, or practice responsible for Defendants' allegedly improper conduct (doc. 18, citing Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978)). Plaintiff did not squarely address such argument, but the Court finds that the alleged systematic gender discrimination at

19

issue in this case satisfies the necessary showing of a custom or practice to satisfy potential municipality liability under <u>Monell</u>. Moreover, the Court finds that both the Interim Police Chief and the Police Chief Schwarber in their official capacities were policy-makers with regards to the discharge of their hiring duties and promotion decisions. <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 483 fn. 12 (1986), <u>Culberson v. Doan</u>, 125 F.Supp.2d 252, 275 (S.D. Ohio, 2000). As such, liability attaches to the City of Middletown for their official actions.

### 6. Punitive Damages

As a final matter, Defendants challenge Plaintiff's request for punitive damages. Questions relating to punitive damages are not dispositive. The Court will determine at trial whether the nature of the evidence presented warrants the jury's consideration of a possible award of punitive damages. As such, the Court denies Defendants' challenge, at this time, concerning punitive damages.

## III. Conclusion

For the reasons indicated herein, the Court finds that genuine issues of material fact preclude the grant of summary judgment to Defendants. A reasonable jury could find a basis for Plaintiff's various claims relating to her lack of promotion and her discipline. Accordingly the Court DENIES on Defendants' Motion for Summary Judgment (doc. 18), SETS the final pretrial conference

in this matter for 11:00 A.M. on October 27, 2010, and SCHEDULES the four-day jury trial to commence November 16, 2010, on an on-deck basis.

     SO ORDERED.


Dated: September 23, 2010     <u>/s/ S. Arthur Spiegel</u>

                                  S. Arthur Spiegel

                                  United States Senior District Judge